**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

```
FILED: JUNE 17, 2008
08CV3480
JUDGE GOTTSCHALL
MAGISTRATE JUDGE DENLOW
```

DANIEL P. ISAACSON                                          )
                                                            )
                                 Plaintiff,                  )     PH   Case No.:
                                                            )
    vs.                                                     )
                                                            )
RV RENTALS NORTHWEST, LLC                                   )
 d/b/a RV RENTALS NORTHWEST and d/b/a UNITED                )
RV RENTALS                                                  )**TRIAL BY JURY REQUESTED**
                                 Defendants.                )
                                                            )

## COMPLAINT

NOW COMES the Plaintiff, DANIEL P. ISAACSON, by and through his attorneys,

ROZOVICS LAW FIRM, LLC, and for his Complaint against the Defendant, RV RENTALS

NORTHWEST, LLC, d/b/a RV RENTALS NORTHWEST and d/b/a UNITED RV RENTALS,

and for its Complaint against them, states as follows:

## PARTIES

1.  Plaintiff DANIEL P. ISAACSON is citizen of the State of Illinois.

2.  Defendant, RV RENTALS NORTHWEST, LLC, is a company organized under the laws

of the State of Washington, whose principal office and place of business is 19705 Viking

Avenue, NW, Poulsbo, WA 98370, and which has at all relevant times done business under the

assumed names RV RENTALS NORTHWEST and UNITED RV RENTALS.

## JURISDICTION

3.  Jurisdiction of this Court is predicated upon 28 U.S.C. §1332(l) because the amount in

controversy exceeds $75,000 and is between citizens of different states.

4.  Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(2), because a substantial

part of the events giving rise to the claims occurred in Illinois.

## ALLEGATIONS COMMON TO ALL COUNTS

5.  At all times relevant to the activities described in the Complaint, the Plaintiff DANIEL P. ISAACSON was an individual person who was a resident of the state of Illinois.

6.  At all times relevant to the Complaint, Defendant RV RENTALS NORTHWEST, LLC d/b/a RV RENTALS NORTHWEST (hereinafter RV RENTALS NORTHWEST), regularly rented recreational vehicles out of its facility located at 19705 Viking Avenue, NW, Poulsbo, WA, 98370.

7.  On June 7, 2006, Plaintiff rented a 2003 White Ford Fleetwood RV, VIN#1FDXE45S43HA84438, Washington state license plate #649UUA (hereinafter "the RV") from Defendant RV RENTALS NORTHWEST for $11,996.72.  A copy of the rental contract is attached hereto and made a part hereof as Exhibit A.

8.  The rental contract did not indicate an agreed-upon value for the RV, did not provide any amount to be charged in the event the RV was stolen from the renter, did not provide for collection in the event of destruction or seizure of the vehicle, and did not provide for recovery of interest or other charges related to collection efforts from the renter.  See Exhibit A.

9.  The RV was used as vehicular support while Plaintiff conducted a cross-country run for charity called the "Gemini Run" from Portland to New York, which was designed to institute change by helping communities learn how to communicate with each other about their social problems.

10. On or about September 29, 2006, the RV was lawfully parked in a parking lot in Lake Zurich, Illinois when it was unlawfully towed by a third party tortfeasor, Northwest Recovery, Inc., an Illinois company.

11. On or about October 3, 2006, the third party tortfeasor, Northwest Recovery, Inc. improperly declared the RV to be abandoned or unclaimed and disposed of the RV for salvage, without providing required legal notice to Plaintiff or Defendant.

12. In or about October 2006, Plaintiff ISAACSON advised Defendant RV RENTALS NORTHWEST, through its owner Jeff Gibson, of the improper towing of the RV, his attempts to locate the vehicle and his learning that the vehicle was improperly disposed of by Northwest Recovery, Inc.

13. Upon information and belief, in or about October 2006, Defendant's agent, employee and/or owner Jeff Gibson personally spoke with representatives of Northwest Recovery, Inc., and personally confirmed that the towing company had improperly destroyed the RV through their salvage procedures.

14. On some date prior to March 13, 2007, Defendant RV RENTALS NORTHWEST entered into a contract or other agreement with a collection agency Saba Commercial Services Corporation d/b/a Saba & Associates (hereinafter "Saba"), in Poulsbo, Washington, under the terms of which Saba agreed to attempt to collect from Plaintiff, the amount of $57,636.72, plus interest, purportedly owed to RV RENTALS NORTHWEST.

15. In or about March 2007, Plaintiff advised representatives of Saba & Associations of Northwest Recovery, Inc.'s towing and destruction of the RV through salvage procedures.  Upon information and belief, in March and April 2007, representatives of Saba & Associates confirmed that Northwest Recovery, Inc. improperly towed and destroyed the RV.

16. On or about June 16, 2007 agents, employees and/or owners of Saba & Associates furnished information regarding Plaintiff's consumer credit report to Equifax, a consumer

reporting agency, which listed "SABA & ASSOCIATES COLLECTION" as a creditor of

Plaintiff, DANIEL P. ISAACSON, and sought to collect $61,085.

17. On June 20, 2007, Defendant RV RENTALS NORTHWEST, through its agent and

owner Jeff Gibson, required the Plaintiff sign an agreement in the State of Illinois for payment of

$20,000 for "past due rental fees and compensation for loss of the vehicle which was rented and

subsequently impounded and salvaged".  The agreement provided for payments of $1,000 by

6/30/07, $2,000 on 7/31/07 and 8/31/07, $3,000 on 9/30/07, 10/31/07 and 11/30/07 and $6,000

on 12/31/07.  A copy of the Agreement dated June 20, 2007 is attached hereto as Exhibit B.

18. In order to induce Plaintiff to sign the Agreement attached as Exhibit B, Defendant RV

RENTALS NORTHWEST's employee, agent and/or owner Jeff Gibson committed the crime of

intimidation under 720 ILCS 5/12-6 when he threatened DANIEL P. ISAACSON, saying that, if

ISAACSON did not sign the contractual agreement, Gibson would call the police and have

ISAACSON arrested in Illinois, either for theft of the RV or on some other purported criminal

offense.

19. At the time RV RENTALS NORTHWEST executed its agreement with Plaintiff on June

20, 2007, Defendant had actual knowledge, through its agent, employee and/or owner Jeff

Gibson, that the RV was towed and subsequently destroyed and/or salvaged by a third party,

Northwest Recovery, Inc.

20. At some time subsequent to June 16, 2007 and before January 1, 2008, agents, employees

and/or owners of Defendant RV RENTALS NORTHWEST furnished information regarding

Defendant's credit history to the consumer reporting agency Equifax, altering the information

previously reported to Equifax on June 16, 2007.  In particular, the new information indicated

that Plaintiff owed a debt of $61,085 to RV RENTALS NORTHWEST instead of the previous

collection agency, Saba & Associates.  The revised report listed the original balance owed to

Defendant RV RENTALS NORTHWEST was $57,636, that the account was opened in March

2007, the debt was originally reported in June 2007, and that the only comments on the debt's

status were that "Subject has not satisfied debt."

21. The information which Defendant RV RENTALS NORTHWEST furnished to the

consumer reporting agency Equifax regarding Plaintiff DANIEL ISAACSON was intended to,

and did in fact have, an impact upon Plaintiff's credit in the State of Illinois, and in other

locations.

22. At no time prior to the filing of this Complaint did agents, employees and/or owners of

Defendant, RV RENTALS NORTHWEST provide information to consumer reporting agencies

Equifax, TransUnion and/or Experian, reflecting that Plaintiff, DANIEL P. ISAACSON,

disputed the accuracy of the debt for the  RV, identify whether Defendant investigated Plaintiff's

dispute of the alleged debt, and the results of such investigation, if any.

23. On April 22, 2008, Jeff Gibson, as agent, employee and/or owner of Defendant, RV

RENTALS NORTHWEST d/b/a UNITED RV RENTALS, sent an electronic mail

communication to Plaintiff ISACCSON, which communication was sent into and received within

the State of Illinois, advising ISAACSON that RV RENTALS NORTHWEST d/b/a UNITED

RV RENTALS would institute criminal action against Plaintiff unless ISAACSON agreed to pay

for the RV, and voluntarily dismiss a civil case pending against the collection agency Saba &

Associates for violations of the Fair Debt Collections Practices Act, inter alia, filed in the

Northern District of Illinois, and bearing case number 08-CV-1536.

24. Jeff Gibson committed an act of criminal intimidation in violation of 720 ILCS 5/12-6

when he sent an email on April 22, 2008 suggesting that ISAACSON was involved in criminal

activities and threatening to report such accusations, without any foundation for such accusations, in order to induce ISAACSON to pay money to RV RENTALS NORTHWEST and/or UNITED RV RENTALS, and to obtain dismissal of a civil lawsuit filed against debt collector Saba & Associates.

25. On or before May 14, 2008, Defendant RV RENTALS NORTHWEST, LLC, d/b/a UNITED RV RENTALS (hereinafter UNITED RV RENTALS), through its agent, employee and/or owner, Jeff Gibson, contacted Poulsbo, Washington police detective David Gesell, and requested that DANIEL P. ISAACSON, an Illinois resident, be investigated for criminal theft and/or failure to return the RV.

26. Upon information and belief, Defendant's employee, agent and/or owner Jeff Gibson did not advise Detective Gesell that UNITED RV RENTALS never owned the rights to the account relating to the lease of the RV.

27. Upon information and belief, Defendant's employee, agent and/or owner Jeff Gibson did not advise Detective Gesell that RV RENTALS NORTHWEST, LLC did not, as of the date of Gibson's telephone call, own the rights to this account relating to the lease of the RV, as it sold the account in March 2007 to Saba & Associates.

28. Upon information and belief, Defendant's employee, agent and/or owner Jeff Gibson did not advise Detective Gesell that the activities of the third party, Northwest Towing, Inc., led to the towing and destruction and/or salvage of the RV.

29. On or about May 14, 2008, as a result of the telephone call and false information and omissions provided by Defendant's employee, agent and/or owner Jeff Gibson, Detective Gesell instituted an investigation into criminal failure to return leased property and contacted Plaintiff,

DANIEL ISAACSON, via telephone and e-mail, which investigation and communications were directed into the State of Illinois.

## COUNT I:  INVASION OF THE RIGHT OF PRIVACY

30. The Plaintiff realleges, restates and incorporates by reference the allegations contained in paragraphs 1 through 29, as though fully set forth in Count I herein.

31. Defendant RV RENTALS NORTHWEST  improperly invaded the Plaintiff's right of privacy when it published false and/or incomplete information regarding Plaintiff's credit history, specifically when it committed the following acts:

    a.   When, sometime subsequent to June 16, 2007, and continuing to the present date, Defendant falsely advised the Equifax credit reporting agency that it was a creditor of the Plaintiff  with an open account since March 2007, although Defendant previously sold its rights in that account to a debt collector, Saba & Associates, in or about March 2007.

    b.   When, sometime subsequent to June 16, 2007, and continuing to the present date, Defendant falsely advised the Equifax credit reporting agency that it was entitled to collect $61,085 from Plaintiff when there was no basis for collection of such principal or interest amount from Plaintiff, either by contract or by operation of law.

    c.   When, sometime subsequent to June 20, 2007, and continuing to at least December 31, 2007, Defendant falsely advised the credit reporting agencies that it was entitled to collect $61,085 from Plaintiff, although it had agreed by contract on June 20, 2007 to limit the amount it could collect to $20,000, and such amount was not yet due and payable at the time the debt was reported to Equifax.

32. Defendant RV RENTALS NORTHWEST's actions were highly offensive to the Plaintiff, and would be highly offensive to any reasonable person.

33. The Plaintiff's credit history and other personal information was a purely private matter of the Plaintiff.

34. Defendant RV RENTALS NORTHWEST's actions served no legitimate purpose, public or private.

35. As a result of RV RENTALS NORTHWEST's actions, the Plaintiff has experienced severe mental anguish and suffering, as well as monetary damages from lost financial and business opportunities.

WHEREFORE, the Plaintiff, DANIEL P. ISAACSON, respectfully requests that this Court:

A.  Enter judgment in favor of the Plaintiff, DANIEL P. ISAACSON, and against RV RENTALS NORTHWEST, in an amount in excess of $75,000;

B.  Enter an order requiring immediate removal of all adverse credit information from the Plaintiff's credit report, along with all other actions necessary to repair the Plaintiff's credit report, and removal from the public view of all other personal information regarding Plaintiff;

C.  Award the Plaintiff costs of suit; and

D.  For any other relief which is just and equitable.

## <u>COUNT II:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

36. The Plaintiff realleges, restates and incorporates by reference the allegations contained in paragraphs 1 through 29, as though fully set forth in Count II herein.

37. The actions of Defendant RV RENTALS NORTHWEST, LLC, d/b/a RV RENTALS NORTHWEST  constituted extreme and outrageous conduct when it published false and/or incomplete information regarding Plaintiff's credit history, specifically when it committed the following acts:

a.  When, sometime subsequent to June 16, 2007, and continuing to the present date, Defendant falsely advised the Equifax credit reporting agency that it was a creditor of the Plaintiff  with an open account since March 2007, although Defendant previously sold its rights in that account to a debt collector, Saba & Associates, in or about March 2007.

b.  When, sometime subsequent to June 16, 2007, and continuing to the present date, Defendant falsely advised the Equifax credit reporting agency that it was entitled to collect $61,085 from Plaintiff when there was no basis for collection of such principal or interest amount from Plaintiff, either by contract or by operation of law.

c.  When, sometime subsequent to June 20, 2007, and continuing to at least December 31, 2007, Defendant falsely advised the credit reporting agencies that it was entitled to collect $61,085 from Plaintiff, although it had agreed by contract on June 20, 2007 to limit the amount it could collect to $20,000, and such amount was not yet due and payable at the time the debt was reported to Equifax.

38.  The actions of Defendant RV RENTALS NORTHWEST, LLC d/b/a RV RENTALS

NORTHWEST and UNITED RV RENTALS constituted extreme and outrageous conduct when,

by and through their agent, employee and/or owner, Jeff Gibson, they made verbal threats and

harassing statements to Plaintiff, DANIEL P. ISAACSON, threatening that he would be subject

to criminal prosecution, specifically as follows:

a.  When, on or about June 20, 2008, RV RENTALS NORTHWEST, through its employee, agent and/or owner Jeff Gibson, threatened Plaintiff that, if he did not agree to sign a written agreement attached hereto as Exhibit B agreeing to pay $20,000 "for repayment of past due rental fees and compensation for loss of the vehicle which was rented and subsequently impounded and salvaged", Gibson would call the police and have him arrested in Illinois for theft of the RV or some other criminal act, even though Gibson knew or should have known that he had no reasonable grounds for believing such offense(s) had been committed.

b.  When, on or about April 22, 2008. UNITED RV RENTALS, through its employee, agent and/or owner, Jeff Gibson, threatened Plaintiff that Gibson, RV RENTALS NORTHWEST and/or UNITED RV RENTALS would institute criminal action against Plaintiff unless he agreed to pay for the RV and, additionally, voluntarily dismiss his civil lawsuit against the collection agency Saba & Associates, even though Gibson knew or should have known he had no reasonable grounds for believing that any criminal offenses had been committed by ISAACSON.

c.  When, on or before May 14, 2008, Defendant NORTHWEST RV RENTALS, LLC d/b/a UNITED RV RENTALS, through its agent, employee and/or owner Jeff Gibson, falsely reported to Poulsbo police detective David Gesell criminal theft and/or criminal failure to return leased property to UNITED RV RENTALS and/or other criminal activity by ISAACSON, when Gibson knew or should have known that he had no reasonable grounds for believing such offense(s) had been committed by ISAACSON.

d. When, on or before May 14, 2008, Defendant NORTHWEST RV RENTALS, LLC d/b/a UNITED RV RENTALS, through its agent, employee and/or owner Jeff Gibson, omitted information in its report to Poulsbo police detective David Gesell, specifically failing to advise the detective that UNITED RV RENTALS never owned the rights to collect the account in question, that NORTHWEST RV RENTALS had sold the rights to the account in March 2007 and no longer owned the account, or that a third party tortfeasor had towed and destroyed the RV for salvage, even though Gibson knew or should have known that such omissions were likely to result in the filing of an incomplete and/or unfounded criminal complaint against ISAACSON.

39. Defendant RV RENTALS NORTHWEST, LLC d/b/a RV RENTALS NORTHWEST and UNITED RV RENTALS intended that their conduct, and the conduct of their agent Jeff Gibson, would inflict severe emotional distress on the Plaintiff, DANIEL P. ISAACSON, or knew that there was a high probability that its conduct would cause the Plaintiff severe emotional distress.

40. As a result of Defendant RV RENTALS NORTHWEST, LLC d/b/a RV RENTALS NORTHWEST and UNITED RV RENTALS conduct, the Plaintiff, DANIEL P. ISAACSON, has suffered, and continues to suffer, extreme emotional distress.

WHEREFORE, the Plaintiff, DANIEL P. ISAACSON, respectfully requests that this Court:

A. Enter judgment in favor of the Plaintiff, DANIEL P. ISAACSON, and against RV RENTALS NORTHWEST, LLC d/b/a RV RENTALS NORTHWEST and UNITED RV RENTALS, in an amount in excess of $75,000;

B. Enter an order requiring immediate removal of all adverse credit information from the Plaintiff's credit report, along with all other actions necessary to repair the Plaintiff's credit report, and removal from the public view of all other adverse information regarding Plaintiff;

C. Award the Plaintiff costs of suit and attorney's fees; and

D. For any other relief which is just and equitable.

## COUNT III:  DEFAMATION PER SE

41. The Plaintiff realleges, restates and incorporates by reference the allegations contained in

paragraphs 1 through 22, as though fully set forth in Count IV herein.

42. Defendant RV RENTALS NORTHWEST, LLC, d/b/a RV RENTALS NORTHWEST

made false statements of fact when it published false and/or incomplete information regarding

Plaintiff's credit history, specifically when it committed the following acts:

    a.  When, sometime subsequent to June 16, 2007, and continuing to the present date, Defendant falsely advised the Equifax credit reporting agency that it was a creditor of the Plaintiff  with an open account since March 2007, although Defendant previously sold its rights in that account to a debt collector, Saba & Associates, in or about March 2007.

    b.  When, sometime subsequent to June 16, 2007, and continuing to the present date, Defendant falsely advised the Equifax credit reporting agency that it was entitled to collect $61,085 from Plaintiff when there was no basis for collection of such principal or interest amount from Plaintiff, either by contract or by operation of law.

    c.  When, sometime subsequent to June 20, 2007, and continuing to at least December 31, 2007, Defendant falsely advised the credit reporting agencies that it was entitled to collect $61,085 from Plaintiff, although it had agreed by contract on June 20, 2007 to limit the amount it could collect to $20,000, and such amount was not yet due and payable at the time the debt was reported to Equifax.

43. Defendant RV RENTALS NORTHWEST, LLC d/b/a RV RENTALS NORTHWEST

and UNITED RV RENTALS made false statements of fact when, by and through their agent,

employee and/or owner, Jeff Gibson, they reported to a Poulsbo, Washington police officer

alleged criminal activity by Plaintiff, DANIEL P. ISAACSON, including but not limited to

allegations of theft of the RV at issue in this case, and criminal failure to return leased property,

although Defendant had actual knowledge that a third party tortfeasor not associated with

ISAACSON improperly towed and destroyed the vehicle for salvage.

44. Defendant's statements imputed a want of integrity to the Plaintiff, and severely

prejudiced him in his professions.

45. Defendant's statements and the subsequent investigation by a Poulsbo, Washington police officer into ISAACSON's activities due to Defendant's false statements have caused harm to the reputation of the Plaintiff, have lowered the Plaintiff in the eyes of his family, friends, professional business associates and colleagues, and others in the community, and deterred many of these individuals and entities from associating with him.

WHEREFORE, the Plaintiff, DANIEL P. ISAACSON, respectfully requests that this Court:

A.   Enter judgment in favor of the Plaintiff, DANIEL P. ISAACSON, and against RV RENTALS NORTHWEST, LLC d/b/a RV RENTALS NORTHWEST and UNITED RV RENTALS in an amount in excess of $75,000;

B.   Enter an order requiring immediate removal of all defamatory statements and information from public or private sources;

C.   Award the Plaintiff costs of suit and attorney's fees; and

D.   For any other relief which is just and equitable.

## COUNT IV
## COMMON LAW FRAUD

1.   The Plaintiff realleges, restates and incorporates by reference the allegations contained in paragraphs 1 through 29, as though fully set forth in Count IV herein.

2.   On or about June 20, 2007, Defendant induced Plaintiff to sign an agreement providing that Defendant would pay $20,000 for "past due rental fees and compensation for loss of the vehicle which was rented and subsequently impounded and salvaged."  The agreement purported to release Plaintiff from any liability and legal action.  See Exhibit B.

3.   To induce Plaintiff to execute the June 20, 2007 agreement, Defendant, through its agent, employee and/or owner Jeff Gibson, misrepresented that it had a right to pursue collection

against Plaintiff for the past due rental fees and compensation for the loss of the RV, when in fact it did not possess such a right, since it had previously sold its rights to a debt collection agency, Saba & Associates, in March 2007.

4.   To induce Plaintiff to execute the June 20, 2007 agreement, Defendant, through its agent, employee and/or owner Jeff Gibson, misrepresented that it would allege criminal activities by the Plaintiff if Plaintiff did not sign the agreement, when in fact Defendant knew or should have known that there was no basis for the allegation of criminal activity against Plaintiff.

5.   Defendant intentionally made the above false statements of material fact.

6.   Plaintiff had a right to rely, and did rely, on the representations of the Defendant.

7.   Defendant's statements or omissions were made for the purpose of inducing the Plaintiff to enter into a contract for the payment of money to the Defendant, as set forth in Exhibit B.

8.   Plaintiff justifiably relied upon Defendant's representations, and acted on those representations by entering into the Agreement attached as Exhibit B, and making payments totaling $4,000 under that agreement.

9.   Subsequent to the execution of the June 20, 2007 agreement, and continuing until the present date, Defendant, through its collection agent, Saba & Associates, continued to indicate on Plaintiff's credit report that he owed a debt in the amount of $61,085, which debt was reported to "Saba & Associates Collection" and/or "RV Rentals Northwest", and was noted to be reported opened in March 2007.

10. Defendant continues to misrepresent the nature of the obligation, as it never updated the reporting of the debt it claims from Plaintiff to reflect a compromise of $20,000, did not reflect payments made for $4,000, or that Plaintiff disputed the veracity of the debt.

11. As a direct and proximate result of the fraudulent misrepresentations made by Defendants, Plaintiff suffered damages, severe mental anguish and suffering, and damages from lost financial and business opportunities, and legal fees, totaling in excess of $75,000.

WHEREFORE, Plaintiffs, DANIEL P. ISAACSON respectfully request this Court:

A.  Enter judgment in his favor and against Defendant, RV RENTALS NORTHWEST, in an amount in excess of $75,000;

B.  Enter an order requiring immediate removal of all adverse credit information from the Plaintiff's credit report, along with all other actions necessary to repair the Plaintiff's credit report, and removal from the public view of all other personal information regarding Plaintiff;

C.  Award the Plaintiff costs of suit and attorney's fees;

D.  For any other relief which is just and equitable.

Respectfully Submitted,
ROZOVICS LAW FIRM, LLC

_____
By:  /s/  Michelle J. Rozovics
Attorney for Plaintiff

Michelle J. Rozovics – ARDC# 6237997
Rozovics Law Firm, LLC
263 King Street
Crystal Lake, IL 60014
(815) 479-9733
(815) 479-9734 FAX

08CV3480
JUDGE GOTTSCHALL
MAGISTRATE JUDGE DENLOW

PH

# EXHIBIT A

Reservation#: 000684 **Rental Contract** Book Date: 06/07/2006 11:10 AM
R/A#: 180

## RV RENTALS NORTHWEST - POULSBO

19705 VIKING AVENUE NW*POULSBO*WA*98370

Tel: (800) 718-0165 **Pick Up Time: 01:00 PM**
Fax: (360) 626-5592 **Drop Off Time: 11:00 AM**

| | |
|---|---|
| Destination: PL | |
| **Nights: 101** | Unit#: Lic Plate#: |
| | Vin#: |
| Odometer Out: 0 | Leave On: 06/11/2006 01:00 PM |
| Generator Hrs. Out: 0 | Return On: 09/20/2006 11:00 AM |

**Customer**

DAN ISAACSON

XXX

XXX, XX 90000

XXX    XX    01/01/2007

PH#: 000          Cell#: 815 236-9375

Email:DAN@PSFOUNDATION.COM

Occupants #: 0

| | **Additional Options/Equipment** | | |
|---|---|---|---|
| 1 | CLEANING FEE | 0 | 99 |
| 1 | SECURITY DEPOSIT | 0 | 1000 |

**Additional Drivers**

NONE

,

**Notes:**

| **Estimated Charges** | | |
|---|---|---|
| Nights: | | 101 |
| Days @ | | $99.00 |

| | | |
|---|---|---|
| Base Rental Cost: | | 9,999.00 |
| Credit/Discount Total: | | $0.00 |
| **Base Rental Subtotal:** | | **$9,999.00** |
| Mileage: | 0.36 | 0.00 |
| Total Options/Equipment: | | $1,099.00 |
| **Rental Total:** | | **$11,098.00** |
| County Tax Total: | 8.60 % | $868.43 |
| Rental Tax Total: | 0.30 % | 30.29 |
| **Estimate Total:** | | **$11,996.72** |
| **Payment Total:** | | **$0.00** |
| **Balance:** | | 11996.72 |

**Renter also agrees to the Terms and Conditions of Renting a motor home from RV Rentals NW, LLC.**

**Damages to vehicle will be deducted from security deposit; and additional charges above the limit of the security deposit will be billed to and collectible immediately.**

Renter: _OPEN R/A_          By: _____

AS AGENT FOR    RV RENTALS NORTHWEST - POULSBO

# EXHIBIT B



This agreement is between RV Rentals Northwest and Daniel Isaacson and David Klink for repayment of past due rental fees and compensation for loss of the vehicle which was rented and subsequently impounded and salvaged. Mr. Isaacson agrees to pay a total of $20,000.00 for the above considerations. Upon complete payment RV Rentals Northwest will release the party from any liability and legal action. The fees are to be paid in full by 12/31/2007 and according to the following schedule:

Due by 6/30/2007     $1,000.00

Due by 7/31/2007     $2,000.00

Due by 8/31/2007     $2,000.00

Due by 9/30/2007     $3,000.00

Due by 10/31/2007    $3,000.00

Due by 11/30/2007    $3,000.00

Due by 12/31/2007    $6,000.00

The above payment must be received by the due date. If a payment is late the full amount will need to be made by the next monthly deadline, or other arrangements may be made if necessary. Please contact the rental company if the payment is going to be late. Failure to make payments on time may result in cancellation of this agreement and may lead RV Rentals Northwest to seek legal action.

June 20, 2007

_____          _____
Daniel Isaacson                  Date

_____          _____
Jeff Gibson                      Date